## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**TINA PETERS**,

      Plaintiff-Appellant

v.

**UNITED STATES**, **MERRICK B. GARLAND**, Attorney General of the United States in his official capacity, **JENA GRISWOLD**, Colorado Secretary of State in her official capacity, and **DANIEL P. RUBINSTEIN**, District Attorney of the Twenty-First Judicial District in his official capacity,

      Defendants-Appellees,

On Appeal from the United States District Court for the District of Colorado
The Honorable Nina F. Wang
In No. 1:23-cv-03014

## DEFENDANT RUBINSTEIN'S MOTION FOR
## ATTORNEY FEES AND COSTS PURSUANT TO
## 42 U.S.C. § 1988, FED. R. APP. P. 38, AND 28 U.S.C. § 1927

Todd M. Starr
Mesa County Attorney
Dept 5004, P.O. Box 20,000
544 Rood Ave.
Grand Junction, CO 81502
(970) 244-1612
todd.starr@mesacounty.us

Andrew B. Clauss
Christopher W. Brophy
Dinsmore & Shohl, LLP
1775 Sherman St., Suite 2600
Denver, CO 80203
(303) 296-3996
andrew.clauss@dinsmore.com
chris.brophy@dinsmore.com

*Counsel for Defendant-Appellee Daniel. P. Rubinstein*

Defendant-Appellee Daniel P. Rubinstein ("Mr. Rubinstein") hereby moves pursuant to 42 U.S.C. § 1988, Fed. R. App. P. 38, and 28 U.S.C. § 1927 to recover the attorney fees and costs incurred by the people of Mesa County, Colorado for defending Plaintiff-Appellant Tina Peters' ("Ms. Peters") unsuccessful appeal of the District Court's abstention order. The Court should grant the Motion because:

1.     Ms. Peters had no legal authority for her arguments on appeal and made no argument for an extension of existing law sufficient to justify her appeal.

2.     Ms. Peters intentionally delayed her filings to give the appearance of an emergency where none would have existed but for her own delays.

3.     Ms. Peters' counsel proffered pleadings that were unnecessarily disparaging and resulted in unnecessary burdens on the court and counsel with issues unrelated to the merits of her appeal.

## I.  Introduction

Ms. Peters filed a District Court action under 42 U.S.C. § 1983 to enjoin criminal proceedings in the Colorado state criminal court, proceedings she alleged violated her civil rights. App. Vol. 1 at 9–51. The District Court abstained from hearing the matter under the *Younger* doctrine, and Ms. Peters filed an appeal of the District Court's decision. [*See* Doc. 010110982190 at 9–30.]

Throughout the appellate proceedings, Ms. Peters failed to provide legitimate legal authority for her positions, relied almost exclusively on newly-created arguments not asserted in the District Court (which were therefore forfeited and

waived), fabricated facts and evidence, failed to adduce admissible evidence to support her legal theories, and intentionally delayed the course of relevant events to create an artificial "emergency." Ms. Peters then tried to capitalize upon her self-created emergency to justify filing baseless motions to expedite.

Because of Ms. Peters' unfounded efforts to avoid her state court criminal trial at any cost, the people of Mesa County, through Mr. Rubinstein, were forced to incur significant time and expense responding to and refuting her unviable, groundless, and frivolous pleadings and arguments, often on an expedited basis. Further, Ms. Peters' counsel presented disparaging and pejorative statements regarding Mr. Rubinstein and his counsel that are repugnant to the practice standards of this Court and District.

## II. Legal Standard

A. **Fees Under 42 U.S.C. § 1988.**

Attorney fees may be awarded to the prevailing party in an action brought under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988. Although the language of § 1988 does not distinguish between prevailing parties, prevailing plaintiffs often receive attorney's fees as matter of course, but prevailing defendants normally only receive attorney's fees if plaintiff's claim was frivolous, unreasonable, or groundless. *Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999). However, a prevailing defendant need not show that the action was brought in subjective bad faith, but rather only

that a plaintiff lacks an arguably good faith basis for bringing the claim. *See*, *e.g.*, *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182-84 (6th Cir. 1985), cert. denied, 473 U.S. 906; *Williams v. Kobel*, 789 F.2d 463, 472 (7th Cir. 1986); *Goff v. Texas Instruments, Inc.*, 429 F. Supp. 973, 975 (N.D. Tex. 1977); *Griffin v. Collins*, 443 F. Supp. 1010, 1012-13 (S.D. Ga. 1978); *Isaacs v. Temple Univ.*, 467 F. Supp. 67, 68-70 (E.D. Pa. 1979). Further, a prevailing defendant is entitled to an award of fees where, even in absence of bad-faith prosecution, the unreasonableness of claim becomes clear during course of litigation. *Chin v. Kauikeolani Children's Hosp.*, 445 F. Supp. 1375, 1376 (D. Haw. 1978).

## B.    Fees Under Fed. R. App. P. 38.

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App P. 38. Rule 38 is designed to penalize litigants for tactics which are frivolous, obstructive, and waste judicial resources as well as to compensate those who have been put to expense of answering such wholly frivolous appeals. *Clarion Corp. v. American Home Products Corp.*, 494 F.2d 860, 866 (7th Cir. 1974), cert. denied, 419 U.S. 870. A party does not need to demonstrate bad faith or intentional misconduct on the part of an opponent to prevail on a motion for Fed. R. App. P. 38 sanctions. *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir. 1999).

Under Rule 38, the Court must conduct a two-part test: first, the Court must determine if the appeal is frivolous; and second, the Court must determine if sanctions are appropriate. *Stookey v. Teller Training Distribs.*, 9 F.3d 631, 637 (7th Cir. 1993), reh'g denied, 1993 U.S. App. LEXIS 33509 (7th Cir. Dec. 23, 1993), cert. denied, 513 U.S. 839. An appeal is frivolous when the result is foreordained by the lack of substance of an appellant's arguments, and the analysis does not depend on the work product submitted nor on the lawyer's state of mind or preparation in presenting the appeal. *In re Maurice*, 73 F.3d 124, 127 (7th Cir. 1995). An argument based on a notion that is ridiculous and farfetched is sufficient to find that an appeal relying on such an argument is frivolous. *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010) cert. denied, 562 U.S. 1044. Counsel's good faith beliefs that are unreasonable in light of clear law and dispositive authority will not immunize him from sanctions, and an honest belief in the merits of a claim does not excuse an appellate brief that ignores significant issues and facts while deploying a smokescreen of irrelevant and tangential issues. *In re Perry*, 918 F.2d 931, 934 (Fed. Cir. 1990), reh'g, en banc, denied, cert. denied, 502 U.S. 808. In assessing whether or not an appeal is frivolous, the Court must evaluate arguments that an appellant actually made, and not arguments that she could have made. *Hartz v. Friedman*, 919 F.2d 469, 475 (7th Cir. 1990); *Chi. Typographical Union No. 16 v. Chi. Sun-Times*, 935 F.2d 1501, 1507 (7th Cir. 1991). A court determines in its

discretion whether sanctions are appropriate under the circumstances. *See, e.g., Mac Naughton v. Asher Ventures*, LLC, 76 F.4th 539, 543 (7th Cir. 2023).

## C.  Fees Under 28 U.S.C. § 1927.

Unlike 42 U.S.C. § 1988 and Rule 38, 28 U.S.C. § 1927 addresses sanctions against counsel, rather than the client, for conduct that unnecessarily prolongs the process or counsel who acts vexatiously to expand the proceedings beyond that which is necessary. 28 U.S.C.S. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

While the vast majority of sanctions awarded by appellate courts are based on Rule 38, Section 1927 provides a mechanism for the Court to specifically deter misconduct by counsel who pursues and perpetuates unnecessary, groundless or otherwise vexatious matters. *See, e.g., 60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities)*, 218 F.3d 109, 117–18, 121 (2d Cir. 2000) (Double costs and attorney fees awarded as sanctions against attorney whose bad faith could be inferred from clear lack of merit of claims and numerous attempts to impugn integrity of federal judge and fellow attorney through totally unsubstantiated abusive and slanderous statements).

# III.  Motion for Fees

### A.  Ms. Peters' reliance on Supremacy Clause immunity was not raised in the District Court and was unsupported by any existing authority or any argument for extension of existing law.

The sole issue on appeal was whether Judge Wang erred in abstaining from interfering with Ms. Peters' state-court criminal case under the *Younger* doctrine. [*See* Doc. 010110982190 at 9–30.]  However, Ms. Peters' first filing in this Court was not a brief on the merits of that issue, but, rather, was an effort to enjoin the state court from proceeding in the criminal trial based on an allegation of Supremacy Clause immunity and to expedite the appeal.  [*See* Doc. 010110986287.]  Further, Ms. Peters filed her motion as an "emergency" motion, presumably because of her pending criminal trial, and, even then, did not follow this Court's procedures and rules regarding emergency relief.  [*See id.*; Doc. 010110991378 at 2, n.2] Nevertheless, the Court gave Ms. Peters the benefit of the doubt and ordered briefing on a shortened schedule.  [*See* Doc. 010110986840.]  This caused Mr. Rubinstein and his counsel to interrupt other matters and incur substantial time and expense responding to what turned out to be a frivolous filing.

i.   <u>Ms. Peters' Supremacy Clause immunity argument was both waived and far-fetched rendering her pleadings frivolous.</u>

The primary argument that Ms. Peters' made in both her Emergency Motion for Injunction Pending Appeal ("Motion for Injunction") and in her merits briefing was that she was immune from prosecution due to the Supremacy Clause. [Doc. 010110986287 at 13–16; Doc. 010111014559 at 35–44.] As this Court subsequently found, Ms. Peters did not raise the Supremacy Clause in her District Court pleadings below and, therefore, she waived that argument. [Doc. 010111068471 at 7–8.] Ms. Peters knew this when she filed her notice of appeal, and even if she did not, Mr. Rubinstein pointed it out to her in response to her Motion for Injunction filed in this Court. [Doc. 010110991378 at 17, n.12.] Nonetheless, Ms. Peters continued to advance this argument as the basis for an injunction and expedited handling of her appeal, and ultimately as the primary grounds for her appeal. [*See* Doc. 010110994249 at 2–9; Doc. 010111014559 at 35–44.]

Aside from the undisputed fact that she waived her Supremacy Clause argument, Ms. Peters argued that because she complied with federal law, immunity attached to <u>all</u> of her conduct[1] as a private citizen or as an "officer of election" as

---

[1] When Mr. Rubinstein questioned how far such immunity might theoretically extend, Ms. Peters erroneously countered that <u>any</u> conduct in which she engaged was immune from criminal prosecution. [*See, e.g.*, Doc. 010111042377 at 7.] Of course, Ms. Peters failed to cite any authority for this notion and ignored the case

defined by the federal statutes she relied upon. [*See* Doc. 010111014559 at 35–44; Doc. 010111042377 at 15–21.] She made no effort to justify or respond to the fact that her own caselaw failed to encompass conduct and actors even remotely analogous to her situation, nor did she address the fact that no court has ever granted Supremacy Clause immunity to anyone other than a federal officer or a citizen acting under the direction or control of federal authorities or pursuant to federal law or court order. [*See id.*; Doc. 010111030746 at 36–39.] Instead, Ms. Peters relied almost exclusively on the conclusory (and obviously incorrect) argument that because Supremacy Clause immunity exists, it must apply to all of her conduct. [*See generally* Doc. 010111014559 at 35–44; Doc. 010111042377 at 15–21.]

In essence, Ms. Peters contended that she had a mandate under federal election law to preserve the election records of Mesa County. [Doc. 010111014559 at 40–44; Doc. 010111042377 at 15–27.] But this issue was not even part of the state criminal charges against her nor was it part of the District Court case. Indeed, Ms. Peters admits that she was not charged with making a copy of Mesa County election records to preserve them as part of her perceived duties. [Doc. 010111014559 at 24 (admitting that she was not charged at the state level for failing to comply with statutes or making any copy); Doc. 010111030746 at 14, 22, 34–36, 41–44.] Thus,

---

law Mr. Rubinstein cited to the contrary. [*Compare* Doc. 010111014559 at 35–44 and Doc. 010111042377 at 15–21 *with* Doc. 010111030746 36–44.]

even assuming, *arguendo*, that some form of immunity existed for preserving election records, it is irrelevant to the actual criminal charges filed against her and the District Court case.

Further, Ms. Peters failed to argue or support the basic premise of Supremacy Clause immunity, namely, that when a state law conflicts with a federal law, the federal law controls. [*See generally* Doc. 010111014559 at 35–44; Doc. 010111042377 at 15–27; Doc. 010111030746 at 37–38, n.11.] As Mr. Rubinstein pointed out in his briefing, and Ms. Peters failed to refute or even address, Colorado election law mirrors the federal law with respect to preservation of election records. [Doc. 010111030746 at 37–38, n.11.] Accordingly, Ms. Peters failed to identify or even argue the existence of a conflicting state law upon which the Supremacy Clause could apply.

Separately, Ms. Peters made no effort to establish why she, a state election official, was entitled to Supremacy Clause immunity in the first place. All of the cases she cited were based on federal officers and/or those engaged in a specific federally-authorized activity. [Doc. 010111014559 at 35–44; Doc. 010111042377 at 15–27.] Ms. Peters disregarded her burden of proof by simply arguing in her Reply that because Mr. Rubinstein failed to cite a case where Supremacy Clause immunity was denied to a private citizen for criminal acts, the Court should find that immunity exists for her. [Doc. 010111042377 at 16–20.]

Besides having no supporting law for her theory, she also failed to advance an argument as to why the Court should adopt her novel theory as a reasonable extension of existing law. [*See id.* at 15–27.] To the contrary, Ms. Peters insisted, without legal support, that the law she cited supported her position when it clearly did not. [*Id.*]

Ms. Peters was charged for criminal acts that had no relationship to copying election data. [*See* App. Vol. 3 at 628–33 (Indictment).] Specifically, she was charged with three counts of Attempt to Influence a Public Servant, in violation of Colo. Rev. Stat. § 18-8-306; two counts of Conspiracy to Commit Criminal Impersonation, in violation of Colo. Rev. Stat. §§ 18-5-113(1)(B)(I), 18- 2-201; one count of Criminal Impersonation, in violation of § 18-5-113(1)(B)(I); one count of Identity Theft, in violation of Colo. Rev. Stat. § 18-5-902(1); one count of First Degree Official Misconduct, in violation of Colo. Rev. Stat. § 18-8-404; one count of Violation of Duty, in violation of Colo. Rev. Stat. § 1-13-107(1); and one count of Failure to Comply with Requirements of Secretary of State, in violation of Colo. Rev. Stat. § 1-13-114. [*Id.*] Other than simply claiming blanket immunity, Ms. Peters never attempted to explain, justify, or support how this conduct—actions unrelated to preserving records—fell under her Supremacy Clause theory. [*See generally* Docs. 010111014559, 010111042377.] Instead, she took the untenable position that <u>anything</u> she did, criminal or otherwise, was *de facto* reasonably

necessary and that she was privileged to do it because she decided, on her own, that she had immunity. [*Id.*] This groundless and baseless argument is betrayed by the very cases Ms. Peters relied upon holding that, among other things, Supremacy Clause immunity, even when it exists, is not a free-for-all to do anything and everything. [*See* Doc. 010111014559 at 35–44; Doc. 010111042377 at 15–27.]

In an attempt to tie her Supremacy Clause argument to the actual issues on appeal, Ms. Peters filed a second Emergency[2] Motion for Expedited Review after the state criminal court denied her motion to dismiss. [Doc. 010111055497.] Ms. Peters took the unsupported position in this briefing that because she had immunity under the Supremacy Clause, the state court lacked jurisdiction to make any decision about her. [*Id.* at 1–6.] Therefore, she contended, the denial of her motion to dismiss was improper and, more importantly, that the state court was unable to address her civil rights issues because immunity deprived the state court of jurisdiction to hear anything. [*Id.*] Mr. Rubinstein was again required to respond to this spurious argument on a shortened timeline. [*See* Docket No. 11093080 (ordering expedited response date).]

Additionally, as Judge Wang correctly pointed out, Ms. Peters relied on documents in the District Court that either failed to address or even mention the facts

---

[2] Ms. Peters did not follow this Court's procedures and rules regarding emergency relief for this motion either. [*See* Doc. 010111057381 at 3, n.3.]

she claimed they did, were inapposite to the facts she claimed they supported, or were simply non-existent. [Doc. 010110982190 at 28–29.] Despite having these failings highlighted by the District Court, Ms. Peters made no effort to correct the deficiencies or even address them during her appeal. She thereby demonstrated the illegitimacy of the appeal by essentially admitting by silence that the foundation upon which error was ascribed lacked any evidentiary support. In other words, Ms. Peters simply ignored the complete lack of evidentiary support for her allegations of malicious prosecution and her other defenses to *Younger* abstention and simply pressed forward with her baseless appeal.

Without belaboring the point, Ms. Peters' arguments were waived, irrelevant to the issue on appeal, and unsupported by law, fact or a good faith argument for extension of the law. In short, they were frivolous and the Court should permit Mr. Rubinstein to recoup the taxpayer funds expended in having to respond to those frivolous arguments and positions.

**B. Ms. Peters delayed for years before filing her District Court action, delayed in filing her appeal, and delayed in filing her briefs in order to create false emergencies.**

Ms. Peters has consistently delayed taking actions to protect what she contends are her civil rights. For example, over 600 days elapsed between the date the criminal indictment was filed against her and the date she filed her Complaint in the District Court. [App. Vol. 1 at 9; App. Vol. 3 at 628–33 (Indictment).] Over

527 days elapsed between the issuance of the State criminal court order that Ms. Peters contended deprived her of constitutional rights and the filing of her Complaint in the District Court. [App. Vol. 1 at 9; App. Vol. 3 at 539.] Nearly two weeks elapsed between the date Ms. Peters filed her Complaint and the date she filed her Motion for Preliminary Injunction, both in District Court. [App. Vol. 1 at 2–3, 9.] Another two weeks elapsed before she filed her Motion for Injunction and her Motion to Expedite Proceedings in this Court. [*Id.* at 2–4; App. Vol. 3 at 602.] Eleven days elapsed between Judge Wang's Order on Mr. Rubinstein's Motion to Dismiss and Ms. Peters' "Emergency" Motion for Injunction and Expedited Appeal. [App. Vol. 1 at 6; Doc. 010110986287.] Twenty-six days elapsed following this Court's order denying the Motions for Injunction and to Expedite before Ms. Peters filed her opening brief. [Docs. 010110995003, 010111014559.]

In summary, Ms. Peters demonstrated no urgency whatsoever in bringing this matter to either the District Court or this Court. Yet, she relied upon the immediacy of her criminal trial—a trial that she successfully requested be continued on several occasions—to seek expedited action and to support her "emergency" requests for action by the District Court and this Court. [*See*, *e.g.*, App. Vol. 3 at 602–08, 664–68, Docs. 010110986287, 010111055497.] These baseless emergency requests to expedite caused Mr. Rubinstein to incur substantial and unnecessary time and expense in responding to the motions.

Further, Ms. Peters brought the motions for reasons unrelated to the merits of the appeal itself rendering them baseless in the context of the appeal. In essence, Ms. Peters used a fabricated emergency to take a second bite at the apple and try to obtain an injunction from this Court that was denied by Judge Wang, albeit for reasons other than the Supremacy Clause. In other words, by motion, Ms. Peters asked this Court to overrule Judge Wang and grant her a stay in the state court while dodging the merits of the appeal.

Similarly, Ms. Peters' filed her second Motion to Expedite as a fabricated emergency based on the state court's denial of her Supremacy Clause argument in her motion to dismiss the state proceeding. In both instances, Ms. Peters attempted to obtain the relief she sought on appeal but without briefing the merits of the appeal, namely, *Younger* abstention.

In short, Ms. Peters misused the appellate process twice in an attempt to surreptitiously obtain relief to which she was not entitled on the merits in the context of a fabricated emergency. As a result, Mr. Rubinstein had to brief this single appeal three times, twice for the motions and once on the merits.

Because any delay and corresponding encroachment upon trial were solely of Ms. Peters' own creation, and the grounds for the motions had no relationship to the merits of the appeal, the Court should permit Mr. Rubinstein to recover the fees and

costs expended in having to respond to Ms. Peters' baseless Motions for Injunction and to Expedite.

**C.     Ms. Peters' counsel engaged in personal, pejorative attacks on Mr. Rubinstein and his counsel that his Court should not tolerate.**

In addition to perpetuating the frivolous pleadings and actions discussed above, Ms. Peters' counsel engaged in several *ad hominen* attacks on Mr. Rubinstein and his counsel.  For example, Ms. Peters' counsel argued that Mr. Rubinstein and/or his counsel:

- exhibited a fundamental misunderstanding and failure to grasp the concept of immunity and blanket immunity, [Doc. 010110994249 at 3, Doc. 010111042377 at 7];

- failed to understand the existence or scope of the Supremacy Clause, [*id*.; Doc. 010111059988 at 3];

- failed to comprehend the application of the Privileges or Immunities Clause of the Constitution, [Doc. 010111042377 at 27–29];

- were profoundly confused regarding the inability to waive a Supremacy Clause immunity argument, [Doc. 010110994249 at 4];

- were strikingly ignorant of governing Supremacy Clause immunity precedents, [*id.* at 8];

- ignored principles of Supremacy Clause immunity and elementary principles of constitutional law, [Doc. 010111042377 at 7];

- grossly misrepresented facts and deliberately lied to the Court, [*id.* at 8];

- made arguments that exhibited unbridled, malicious rhetoric, [*id.* at 9];

- made arguments that were worse than laughable, [*id.* at 11]; and

- made arguments that were not faithful to the law or logic, [*id.* at 20].

Such attacks were not only both unnecessary and without merit, but they were contrary to the practice standards of this Court and this District. *See* Model Rules of Prof'l Conduct, Preamble & Scope, [5] (2024) ("A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials."); *see generally* Practitioner's Guide to the United States Court of Appeals for the Tenth Circuit, Section D.2.c.v. ("[C]ounsel should be careful not to make personal attacks.")

Ms. Peters' local counsel, Mr. Case, has appeared before the District Court and this Court in over thirty matters and therefore should be well-aware that these types of personal attacks are improper and, to the extent they were the product of his out-of-state co-counsel, he should have omitted them before affixing his signature to the pleadings. Further, such attacks have no bearing on the merits of any issue before the Court and are, therefore, the definition of groundless, frivolous, and vexatious. Accordingly, this misconduct should properly subject Mr. Case and his co-counsel to sanctions in the form of a portion of Mr. Rubinstein's fees and costs pursuant to 28 U.S.C. § 1927.

## IV.  Conclusion

Mr. Rubinstein has been forced to expend substantial time and expense responding to Ms. Peters' groundless pleadings and arguments in this appeal.  Her goal at all times, as evidenced by her repeated reliance on unsupported legal theories, conclusory allegations and misrepresentations of law and facts, was to delay her pending state criminal trial for as long as possible.  This was an abuse of the appellate system and was wholly improper.  With the complicit aid of her counsel, she has wasted the Court's and Mr. Rubinstein's time and resources without a legitimate basis and for illegitimate ends.  Mr. Rubinstein respectfully urges this Court to send a strong message that such abuses of process have consequences by awarding Mr. Rubinstein his fees and costs in defending this appeal.[3]

---

[3] In light of privilege issues, Mr. Rubinstein hereby requests permission to file supporting evidence of his fees and costs expended if and when the Court grants this Motion.  In such event, he will provide copies of the relevant billing statements *in camera*, versions redacted for privilege to Ms. Peters, a subsequent filing detailing his damages, etc., all at the Court's direction.

WHEREFORE, Mr. Rubinstein respectfully requests that the Court grant him his reasonable and necessary fees and costs incurred in defending this appeal and all ancillary matters raised therein, subsequently accept and review evidence of damages *in camera*, and grant such other and further relief as the Court deems proper.

Respectfully submitted July 19, 2024,

> */s/ Todd M. Starr*
> Todd M. Starr
> Mesa County Attorney
> Dept 5004, P.O. Box 20,000
> 544 Rood Ave
> Grand Junction, CO 81502
> (970) 244-1612
> todd.starr@mesacounty.us
>
> and
>
> Andrew B. Clauss
> Christopher W. Brophy
> Dinsmore & Shohl, LLP
> 1775 Sherman St., Suite 2600
> Denver, Colorado 80203
> (303) 296-3996
> andrew.clauss@dinsmore.com
> chris.brophy@dinsmore.com
>
> *Counsel for Defendant-Appellee*
> *Daniel. P. Rubinstein*

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT</u>

This document complies with the type-volume limitation of Fed. R. App. P.

27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App.

P. 32(f):

[x] this document contains 4,123 words.


Dated: July 19, 2024

*/s/  Todd M. Starr*
Todd M. Starr
Mesa County Attorney
Dept 5004, P.O. Box 20,000
544 Rood Ave
Grand Junction, CO  81502
(970) 244-1612
todd.starr@mesacounty.us

and

Andrew B. Clauss
Christopher W. Brophy
Dinsmore & Shohl, LLP
1775 Sherman St., Suite 2600
Denver, Colorado 80203
(303) 296-3996
andrew.clauss@dinsmore.com
chris.brophy@dinsmore.com


*Counsel for Defendant-Appellee*
*Daniel. P. Rubinstein*

# CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Crowdstrike Falcon Sensor, Version 7.12.18207 which had a release date of March 14, 2024, and according to the program, are free of viruses.

Dated: July 19, 2024

*/s/ Todd M. Starr*
Todd M. Starr
Mesa County Attorney
Dept 5004, P.O. Box 20,000
544 Rood Ave
Grand Junction, CO  81502
(970) 244-1612
todd.starr@mesacounty.us

and

Andrew B. Clauss
Christopher W. Brophy
Dinsmore & Shohl, LLP
1775 Sherman St., Suite 2600
Denver, Colorado 80203
(303) 296-3996
andrew.clauss@dinsmore.com
chris.brophy@dinsmore.com


*Counsel for Defendant-Appellee
Daniel. P. Rubinstein*

# CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2024, I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to the following:

Patrick M. McSweeney
MCSWEENEY, CYNKAR
& KACHOUROFF, PLLC
3358 John Tree Hill Road
Powhatan, Virginia 23139
(804) 937-0895
patrick@mck-lawyers.com

Robert Cyncar
MCSWEENEY, CYNKAR
& KACHOUROFF, PLLC
10506 Milkweed Drive
Great Falls, Virginia 22066
(703) 621-3300
rcynkar@mck-lawyers.com
*Attorneys for Appellant*

John Case
JOHN CASE PC
6901 South Pierce Street, Suite 340
Littleton, Colorado 80128
(303) 667-7407
brief@johncaselaw.com
*Attorney for Appellant*

Dated: July 19, 2024

_/s/  Todd M. Starr_
Todd M. Starr
Mesa County Attorney
Dept 5004, P.O. Box 20,000
544 Rood Ave
Grand Junction, CO  81502
(970) 244-1612
todd.starr@mesacounty.us

and

Andrew B. Clauss
Christopher W. Brophy
Dinsmore & Shohl, LLP
1775 Sherman St., Suite 2600
Denver, Colorado 80203
(303) 296-3996
andrew.clauss@dinsmore.com
chris.brophy@dinsmore.com


_Counsel for Defendant-Appellee_
_Daniel. P. Rubinstein_